UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR ADVERTISING OF
MICHIGAN, INC.,

       Plaintiff,

v.

Case No.  2:16-cv-11855
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

CITY OF FARMINGTON HILLS,

       Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DE 22) and GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DE 24)**

       This lawsuit concerns the City of Farmington Hills "Sign Ordinance," found in Chapter 34, Article 5 of its zoning ordinance.  Plaintiff alleges in a three count complaint that:  (I) Defendant violated Plaintiff's First and Fourteenth Amendment rights; (II) the sign ordinance contains unconstitutional content-based restrictions; and, (III) the sign ordinance constitutes an unconstitutional prior restraint.  (DE 1.)  On September 28, 2016, Judge Friedman entered an opinion and order denying Plaintiff's motion for partial summary judgment.  (DEs 12, 21.)  In so doing, the Court noted that "both the intrinsic and the extrinsic evidence in this matter would

1

permit a reasonable jury to find that the ordinance is supported by substantial governmental interests."

Currently before the Court are two motions: (a) Plaintiff's November 16, 2016 motion to compel (DE 22), regarding which a response and reply have been filed (DEs 33, 34); and, (b) Defendant's November 22, 2016 motion for protective order, regarding which a response and reply have been filed (DEs 27, 30). Judge Friedman has referred these motions to me for hearing and determination. (DEs 23, 26.)

A hearing was held on December 21, 2016 to address both of these motions. Consistent with the joint list of resolved and unresolved issues (DE 36), Plaintiff withdrew its motion as to Requests to Admit Nos. 2 and 3. Thereafter, after hearing oral argument, I ruled from the bench on the remaining issues in each of the motions and incorporate my reasoning by this reference as though fully restated herein. Accordingly, Plaintiff's motion to compel (DE 22) is **GRANTED IN PART** and **DENIED** in part as follows:

- No later than January 15, 2017, Defendant shall serve a supplemental response to Document Request No. 4 to indicate it has made diligent efforts to locate all responsive documents and that all known responsive documents have been produced. Defendant is, of course, bound to supplement its responses if additional responsive documents are later uncovered, consistent with Fed. R. Civ. P. 26(e)(1). In the event that Defendant makes any supplemental production in response to this request after February 7, 2017, Plaintiff will have 30 days to conduct any necessary discovery with respect to the new production, including but not limited to Fed. R. Civ. P. 30(b)(6) depositions

    narrowly tailored to the documents produced, notwithstanding the previously established discovery cutoff.

- Document Request No. 6 is overbroad and ambiguous as currently drafted, and Defendant's related objection is sustained.

- No later than January 15, 2017, Defendant shall serve a supplemental response to Interrogatory No. 7, subject to objections, to identify as many criteria as reasonably possible.

Moreover, Defendant's motion for protective order (DE 24) is **GRANTED** and Plaintiff's related motion to compel (DE 22) is **DENIED** as follows:

- Defendant's objections to Topic 1 of Lamar's Fed. R. Civ. P. 30(b)(6) Notice are sustained, and Plaintiff's request to depose on this issue is denied.

- Defendant's objections to Topic 2 of Lamar's Fed. R. Civ. P. 30(b)(6) Notice are sustained, and Plaintiff's request to depose on this issue is denied.

- Defendant's objections to Topic 3 of Lamar's Fed. R. Civ. P. 30(b)(6) Notice are sustained; however, Plaintiff's request to depose on this issue is denied without prejudice to rephrasing it and identifying particular items of intrinsic or extrinsic evidence relating to the Sign Ordinance on which it seeks to depose the witness(es).

Finally, any requests for an award of costs and/or attorney fees are **DENIED**. Neither Plaintiff nor Defendant prevailed entirely, and the unresolved issues were complex when considered along with the Court's ruling on partial summary judgment.

**IT IS SO ORDERED.**

Dated: December 22, 2016     s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 22, 2016, electronically and/or by U.S. Mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable Anthony P. Patti